**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 31 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM DAWES,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>HOWARD AUSBURY, Lt. at RJD;<br>MARIO ZUNIGA, Correctional Officer;<br>SHELLANO, Correctional Officer; JUAN<br>AYALA, Correctional Officer in I.S.U.;<br>SILVA, Correctional Officer; SOLIS, I.S.U.<br>Correctional Officer; UGALDE,<br>Correctional Officer; BRAVO, Lt. in the<br>I.S.U. at RJD,<br><br>    Defendants - Appellees. | No. 25-1701<br><br>D.C. No. 3:19-cv-02122-MMA-VET<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted July 29, 2026[**]

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California state prisoner William Dawes appeals pro se from the district court's order administratively closing his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine. *Davis v. Walker*, 745 F.3d 1303, 1308-10 (9th Cir. 2014). We affirm.

Because Dawes does not challenge the district court's grounds for administrative closure of his action in his opening brief, we do not consider that decision. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that "we will not consider any claims that were not actually argued in appellant's opening brief"); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992), *as amended* (Oct. 8, 1993) (explaining that issues not supported by argument in pro se appellant's opening brief are deemed abandoned).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**